FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS 2014 OCT 28 AM 8:39
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | |
|---|---|
| SCOTT A. ELLIOTT, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| MISSION TRUST SERVICES, LLC, | § |
| ET AL., | § |
| | § |
| Defendants. | § |

A14MC0972 LY

## NON-PARTY DAVID WIELAND'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION

David Wieland files this Motion for Protective Order and Motion to Quash Subpoena to Testify at a Deposition, issued by Mission Trust Services, LLC ("Mission Trust"), and respectfully states as follows:

### I.
### INTRODUCTION

1.     Shortly after Mr. Wieland filed a lawsuit in the Court of Chancery of the State of Delaware (the "Delaware Action") against a Mission Trust-related entity and its principal, Christopher Finlay, Mission Trust issued Mr. Wieland a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") in an Illinois lawsuit (the "Illinois Action") that had been pending for more than a year. A copy of the Subpoena is attached hereto as "Exhibit A." Mr. Wieland objects to the Subpoena because it is harassing, unlimited in scope, an improper attempt to obtain discovery for use in the Delaware Action, and imposes unnecessary burden and expense. Accordingly, Mr. Wieland requests the Court quash the Subpoena and issue a protective order prohibiting him from being deposed in connection with the Illinois Action.

## II.
## FACTUAL BACKGROUND

*A.    The Illinois Action*

2.    On August 21, 2013, a group of investors filed the Illinois Action against Mission Trust and its manager, Christopher C. Finlay.  A copy of the Complaint for Declaratory and Injunctive Relief (without exhibits) is attached hereto as "Exhibit B."  The investors' claims concerned the review and construction of a Delaware statutory trust agreement and the enforcement of particular contractual terms and duties of the trustee for the Mission Millbrook Delaware Statutory Trust (the "Millbrook DST") in light of a $19 million commercial loan default.  *See* Exhibit B, at pp. 3-4.  The investors sought to compel Mission Trust and Finlay to terminate the trust agreement at issue and convert the trust to a limited liability company.  *See* Exhibit B, at pp. 14-15.  In response, Mission Trust filed a counterclaim against the investors.  A copy of Counter-Plaintiff Mission Trust Services, LLC's Counterclaim, included in Defendants Mission Trust Services, LLC and Christopher C. Finlay's Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, is attached hereto as "Exhibit C."  Mission Trust asserted counterclaims for breach of contract, negligence, defamation, and tortious interference, claiming the investors materially interfered with work-out activity concerning the $19 million loan at issue and interfered with operations, duties, obligations, and rights of Mission Trust between May and November of 2013.  *See* Exhibit C.  Mission Trust alleged damages of "not less than" $100 million.  *See* Exhibit C, at p. 36.  On September 30, 2014, summary judgment was granted in favor of the plaintiffs, and against Mission Trust and Finlay, on the plaintiffs' claims for declaratory and injunctive relief.  A copy of the Judgment is attached hereto as "Exhibit D."

3.    Soon after summary judgment was granted, the investors filed their Motion for Instructions and to Stay Discovery Until Further Order ("Motion to Stay"). The Motion to Stay

seeks a stay of discovery and a briefing schedule concerning the dismissal of Mission Trust's counterclaims for lack of standing based on the investors' discovery that Mission Trust and Finlay had filed papers to cancel the Millbrook DST more than seven months earlier. A copy of the Motion to Stay, along with the Mission Parties' Opposition, are attached hereto as "Exhibit E" and "Exhibit F," respectively. On October 16, 2014, the Honorable Charles R. Norgle Sr. set a briefing schedule regarding the Motion to Stay and ordered the parties appear for a hearing on November 7, 2014. A copy of Judge Norgle's Minute Entry setting the hearing is attached hereto as "Exhibit G."

**B.      *The Delaware Action***

4.       On September 5, 2014 Mr. Wieland filed the Delaware Action against Mr. Finlay and Forward Capital, LLC ("Forward"), the entity that sits atop the entity structure that includes Mission Trust. A Copy of Mr. Wieland's Verified Complaint (without exhibits) is attached hereto as "Exhibit H." In the Delaware Action, Mr. Wieland asserts claims for breach of contract and declaratory judgment and seeks damages resulting from the failure of Forward and Mr. Finlay to pay him under the terms of a November 2009 agreement between Wieland, Finlay, and Forward. *See* Exhibit H. In response to filing of the Delaware Action, Forward and Finlay, just like in the Illinois Action, filed a counterclaim seeking damages "in excess" of $100 million. A copy of Counter-Plaintiffs Forward Capital, LLC's and Christopher Finlay's Counterclaims without exhibits, which is included in Defendants' Answer to Plaintiff's Verified Complaint and Verified Counterclaim, is attached hereto as "Exhibit I."

5.       Also in response to the filing of the Delaware Action, Mission Trust, the entity managed by Mr. Finlay, issued the Subpoena to Mr. Wieland. The Subpoena was issued more than a year after the Illinois Action was commenced, and only two weeks after the Delaware

3

Action was filed.  In addition, even though counsel for Mission Trust was aware Mr. Wieland was represented by the undersigned counsel, Mission Trust served the Subpoena directly on Mr. Wieland.  Moreover, on September 24, after Mission Trust attempted to serve Mr. Wieland with the Subpoena, counsel for Mr. Wieland requested counsel for Mission Trust contact him directly. *See* September 24, 2014 Email from Counsel for Mr. Wieland to counsel for Mission Trust, attached hereto as "Exhibit J."  No further communication was received from counsel for Mission Trust until Mr. Wieland objected to the Subpoena and requested it be withdrawn in light of the procedural posture of the Illinois Action, and pending Delaware Action.  A copy of the objection and request for withdrawal is attached hereto as "Exhibit K."  Mission Trust has been informed that Mr. Wieland is seeking protection from and an order quashing the Subpoena and will not appear at this deposition noticed for October 28, 2014. *See* Exhibit K.

## III.
## ARGUMENT AND AUTHORITIES

6.    Federal Rule of Civil Procedure 26 empowers the Court to issue an order protecting a party or witness from discovery.  Specifically, Rule 26(c) provides the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." including prohibiting discovery, specifying terms of discovery, forbidding inquiry into certain matters, and limiting the scope of discovery.  FED. R. CIV. P. 26(c).  The Court has significant discretion in deciding whether to grant a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).  Moreover, Rule 26(b)(2)(C) requires trial courts "limit the frequency or extent of discovery otherwise allowed by [the] rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the need of

the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(c).

7.      This Court should issue an order prohibiting the deposition of Mr. Wieland in connection with the Illinois Action in order to protect him from annoyance, burden, and expense. It was only after Mr. Wieland filed the Delaware Action that Mission Trust issued the Subpoena, despite the fact that the Illinois Action has been pending since August of 2013. In the absence of a limitation on the scope of the deposition, questioning may include not only those seeking information related to the Illinois Action (to which Wieland has none), but also Delaware Action. *See* Declaration of David Wieland, attached hereto as "Exhibit L." The unlimited scope of the deposition in the Illinois Action would effectively provide Mr. Finlay the opportunity to depose Mr. Wieland twice regarding the facts and claims at issue in the Delaware Action. Moreover, Mr. Wieland does not possess relevant information. *See* Exhibit L, at ¶¶ 6-7. Mr. Wieland had no direct dealings with the named plaintiffs in the Illinois Action that are related to the claims at issue. *See* Exhibit L, at ¶ 6. During the time the Illinois Action has been on file, and during the time period in question with respect to the counterclaim (May through November of 2013), Wieland had no contact or communications with the plaintiffs in the Illinois Action. *See* Exhibit L, at ¶ 6. The Subpoena is harassing, unlimited in scope, and an improper attempt to obtain discovery for use in the Delaware Action. Compliance will cause Mr. Wieland to incur unnecessary burden and expense. *See* Exhibit L, at ¶ 8.

8.      In addition, given the Motion to Stay (and possibility of dismissal) in the Illinois the Court should protect Mr. Wieland from discovery until resolution of the Motion to Stay. *See Wedemeyer v. Pneudraulics, Inc.*, No. CV-411-135, 2011 WL 4543193, at *1-2 (S.D. Ga. Sept. 15, 2011) (granting request to postpone discovery requests pending outcome of party's motion to

dismiss and stay discovery). The Motion to Stay concerns the key issue of whether Mission Trust has standing to assert its counterclaims against the investor plaintiffs (the only remaining claims). *See* Exhibit E. The outcome of the Motion to Stay and standing issue will have a significant impact on the validity of the Subpoena. It would be incredibly burdensome for Mr. Wieland to be subject to a lengthy deposition by a party that may lack authority to pursue its claims. *See* FED. R. CIV. P. 26(c).

9.       An order quashing the subpoena and protecting Mr. Wieland is also warranted under Rule 45(d)(1) for the same reasons as above, and because counsel for Mission Trust failed to take reasonable steps to avoid unduly burdening Mr. Wieland as required by the Federal Rules of Civil Procedure. Rule 45(d)(1) mandates that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d). This is especially true with respect to nonparty witnesses, like Mr. Wieland. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (nonparties are given "special protection against the time and expense of complying with subpoenas"). Here, no one contacted Mr. Wieland, or his attorneys, prior to issuing the Subpoena. *See* Exhibit L, at ¶ 5. Counsel for Mission Trust refused the reasonable step of postponing the deposition until after the Motion to Stay and dismissal issues are adjudicated in the Illinois Action. Delaying the deposition and the subpoena is a reasonable step to avoid imposing unnecessary burden and expense on a nonparty witness.

10.      Mr. Wieland's deposition in the Illinois Action should be prohibited. At minimum, the deposition should be stayed until the Motion to Stay and dismissal issues are adjudicated. Even if the case is not stayed or dismissed, the scope of the deposition should be significantly limited given Mr. Wieland's lack of information regarding the claims at issue and the Delaware Action.

# IV.
## PRAYER

Mr. Wieland respectfully requests the Court quash the Subpoena and enter a protective order prohibiting his deposition.  In the alternative, Wieland requests an order prohibiting his deposition pending adjudication of the Motion to Stay, and in the event a stay is not granted in the Illinois Action, an order restricting the areas of inquiry during his deposition.  Mr. Wieland also respectfully requests the Court grant him any and all other relief to which he may show himself justly entitled.


DATED: October 27, 2014                          Respectfully submitted,

                                                 **SKELTON & WOODY**
                                                 248 Addie Roy Road, Suite B-302
                                                 Austin, Texas  78746
                                                 Telephone:  (512) 651-7000
                                                 Facsimile:  (512) 651-7001

                              By:    _____
                                                 J. Hampton Skelton
                                                 State Bar No. 18457700
                                                 Email: hskelton@skeltonwoody.com
                                                 Brandon Gleason
                                                 State Bar No. 24038679
                                                 Email: bgleason@skeltonwoody.com

                                                 **ATTORNEYS FOR DAVID WIELAND**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for non-party David S. Wieland attempted to confer with counsel for Mission Trust Services, LLC ("Mission Trust") in writing regarding the withdrawal and stay of Mission Trust's Subpoena to Testify at a Deposition in a Civil Action, and Mission Trust opposes the request.

Brandon Gleason

## <u>CERTIFICATE OF SERVICE</u>

I further certify that on this 27th day of October, 2014, a true and correct copy of the above and foregoing document was served via email and facsimile, on the following:

James D. Adducci
Marshall Lee Blankenship
ADDUCCI, DORF, LEHNER, MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
(312) 781-2811 (facsimile)

William G. Tishkoff
Sarah L. Wixson
R.J. Cronkite
TISHKOFF & ASSOCIATES PLLC
407 North Main Street
Ann Arbor, Michigan 48104
(734) 665-1613 (facsimile)

John H. Scheid
MURPHY & HOURIHANE LLC
161 N. Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 202-3201 (facsimile)

Courtney R. Baron
Kenneth Steven Ulrich
GOLDBERG KOHN LTD.
55 E. Monroe St., Suite 3300
Chicago, Illinois 60603
(312) 863-7459 (facsimile)

Douglas R. Kay
OFFIT KURMAN PC
8000 Tower Crescent Drive, Suite 1450
Tysons Corner, Virginia 22182
(703) 745-1835 (facsimile)

Brandon Gleason